OPINION
{¶ 1} Appellant Tamara Rock ("appellant") appeals the decision of the Knox County Court of Common Pleas that found her in contempt, for violation of a court order, regarding Appellee Mark Vanhouten's ("appellee") right to visitation with the parties' two minor children. The following facts give rise to this appeal.
 {¶ 2} In May of 1997, the parties were divorced and the trial court designated appellant the residential parent and legal custodian of the two minor children. Thereafter, on July 18, 2000, the trial court found appellant to be in contempt of court for violating the visitation order. The trial court sentenced appellant to fifteen days in jail. However, the court suspended the sentence on the condition that appellant abide by the terms of the court's visitation order.
 {¶ 3} Appellant again did not comply with the trial court's visitation order and on July 15, 2003, appellee filed a motion for contempt and motion for reallocation of parental rights and responsibilities. Appellant filed a motion for an in-camera interview of the minor children and a motion to appoint a guardian ad-litem. On January 28, 2005, the trial court conducted a hearing on the pending motions. The trial court granted the request for an in-camera interview of the children which occurred on February 9, 2005.
 {¶ 4} On February 17, 2005, the trial court filed a judgment entry finding appellant in contempt of its visitation order and imposed the previously suspended fifteen-day sentence. The trial court denied appellee's motion for reallocation of parental rights.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY HOLDING APPELLANT IN CONTEMPT FOR VIOLATION OF THE COURT'S VISITATION ORDER.
 {¶ 7} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT ASKING THE MINOR CHILDREN DURING THE IN-CAMERA INTERVIEW SPECIFIC QUESTIONS FOCUSED ON THE FOUR PRONGS OF DEFENDANT'S CONTEMPT MOTION.
 {¶ 8} "III. THE TRIAL COURT ERRED BY NOT PERMITTING COUNSEL TO POSE SPECIFIC QUESTIONS TO BE ASKED OF THE MINOR CHILDREN DURING THE IN-CAMERA INTERVIEW.
 {¶ 9} "IV. THE TRIAL COURT'S JUDGMENT FINDING THE APPELLANT IN CONTEMPT OF COURT FOR VIOLATING THE COURT'S VISITATION ORDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS AN ABUSE OF DISCRETION."[1]
 I {¶ 10} In her First Assignment of Error, appellant maintains the trial court erred and abused its discretion by holding her in contempt for violation of the court's visitation order. We disagree.
 {¶ 11} In Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, paragraph one of the syllabus, the Ohio Supreme Court defined "contempt" as "* * * disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." It is necessary to establish a valid court order, knowledge of the order and a violation of the order. Arthur Young Co. v. Kelly (1990),68 Ohio App.3d 287, 295.
 {¶ 12} On review, an appellate court will not reverse a finding of contempt by a trial court absent a showing of an abuse of discretion. Willis v. Willis, 149 Ohio App.3d 50, 66,2002-Ohio-3716, ¶ 59. In order to show an abuse of discretion, an appellant must show the decision of the trial court was arbitrary, unreasonable or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's First Assignment of Error.
 {¶ 13} In his motion for contempt, appellee claims he was denied parenting times as follows: (1) all parenting time after May 28, 2003, until the date of the filing of his motion; (2) weekend parenting time after May 28, 2003; (3) parenting time for the July 4, 2003 weekend; (4) parenting time for one-half of the summer of 2003. In granting appellee's motion, the trial court determined that appellant's conduct in denying appellee visitation, with the minor children, violated the previous order of the court. Judgment Entry, Feb. 17, 2005, at 1. However, the trial court did not specify the missed parenting times that resulted in his finding of contempt.
 {¶ 14} On appeal, appellant contends appellee did not demonstrate, by a preponderance of the evidence, that she failed to comply with the trial court's companionship order as alleged in appellee's motion for contempt. We find a review of the record establishes the trial court did not abuse its discretion when it found appellant in contempt. Appellee testified that he had no weekend parenting time after May 28, 2003. Tr. Jan. 28, 2005, at 27. As to the July 4, 2003 weekend, appellant testified that she could not recall whether the children visited with appellee. Id. at 7. Appellee testified the children did not spend the July 4, 2003 weekend with him. Id. at 27. Further, appellant admitted the children did not spend one-half of the summer of 2003 with appellee. Id. at 11. Appellee also testified the children did not spend one-half of this summer with him. Id. at 27.
 {¶ 15} Therefore, based upon the above testimony contained in the record, we conclude the trial court did not abuse its discretion when it held appellant in contempt for violation of the court's visitation order.
 {¶ 16} Appellant's First Assignment of Error is overruled.
 II, III {¶ 17} We will address appellant's Second and Third Assignments of Error simultaneously as both concern the in-camera interview conducted by the trial court judge. Appellant maintains, in her Second Assignment of Error, the trial court erred and abused its discretion by not asking the minor children, during the in-camera interview, specific questions focused on the four prongs of appellee's contempt motion. In her Third Assignment of Error, appellant contends the trial court erred by not permitting counsel to pose specific questions to be asked of the minor children during the in-camera interview. We disagree with both assignments of error.
 {¶ 18} Specifically, as to the Second Assignment of Error, appellant maintains that if the minor children's testimony supports her statements that she complied with the trial court's visitation order, we must conclude appellee did not prove his case by a preponderance of the evidence and therefore, the trial court's finding of contempt should be reversed. We find it is not necessary to determine whether the minor children's statements, during the in-camera interview with the judge, established that appellant failed to comply with the trial court's visitation order. As noted above in appellant's First Assignment of Error, testimony presented by both appellant and appellee, at the hearing conducted on January 28, 2005, clearly established that appellant did not comply with the visitation order. As such, there is no need to rely upon the children's testimony, from the in-camera interview with the trial court judge, to support the finding of contempt.
 {¶ 19} As to her Third Assignment of Error, we find the trial court did not abuse its discretion when it did not give the parties an opportunity to submit questions for the in-camera interview of the minor children. Appellant argues the trial court may not have asked questions, of the minor children, regarding the four prongs of appellee's contempt motion. The record indicates the trial court conducted the hearing, on appellee's motion for contempt, prior to conducting the in-camera interview of the children. The transcript, from the hearing, contains testimony that supports the trial court's finding of contempt. The trial court did not need to question the children, about the four prongs of appellee's motion, in order to support its finding of contempt.
 {¶ 20} Further, it does not appear, from the record, that either party requested to submit proposed questions for the in-camera interview of the minor children.
 {¶ 21} Accordingly, appellant's Second and Third Assignments of Error are overruled.
 IV {¶ 22} In her Fourth Assignment of Error, appellant maintains the trial court's judgment finding her in contempt of court for violating the court's visitation order is against the manifest weight of the evidence and is an abuse of discretion. We disagree.
 {¶ 23} In its judgment entry of February 17, 2005, the trial court made a general finding of contempt as permitted by Civ.R. 52. Appellant never requested findings of fact and conclusions of law as permitted by Civ.R. 52. When a party fails to request findings of fact and conclusions of law, the reviewing court must presume the trial court applied the law correctly and must affirm if there is some evidence to support the judgment. Bullion v.Gahm, Scioto App. No. 05CA2995, 2005-Ohio-5996, at ¶ 24.
 {¶ 24} In Pettet v. Pettet (1988), 55 Ohio App.3d 128, 130, we explained the importance of requesting findings of fact and conclusions of law when challenging a judgment as being against the manifest weight of the evidence. We stated as follows:
 {¶ 25} "We conclude that when separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with his judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence.
 {¶ 26} "The message is clear: If a party wishes to challenge the * * * judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise his already `uphill' burden of demonstrating error becomes an almost insurmountable `mountain.' "
 {¶ 27} Since the record contains some evidence to support the trial court's finding of contempt, we conclude the trial court's decision is not against the manifest weight of the evidence.
 {¶ 28} Appellant's Fourth Assignment of Error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] We note that appellant failed to comply with App.R. 16(A)(7) which requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *" Appellant's brief does not set forth a separate argument under each assignment of error.