OPINION
{¶ 1} Appellant Phillip Lehmkuhl ("Appellant") appeals the June 10, 2005 judgment entry entered by the Mount Vernon Municipal Court, which granted judgment in his favor in the amount of $6,040.00. The following facts give rise to this appeal.
 {¶ 2} Appellant is an attorney registered to practice in the State of Ohio. On July 22, 2004, appellant filed a complaint, in the Mount Vernon Municipal Court, seeking payment of unpaid attorney fees in the amount of $14,995.00, for services rendered on behalf of Appellee Douglas Vermillion ("Appellee"). Appellee filed a timely answer, asserting three affirmative defenses. Appellee subsequently filed an amended answer, which asserted five affirmative defenses.
 {¶ 3} The parties entered into the following stipulations for trial purposes only: "1. The hourly rate charged by Plaintiff to Defendant for services rendered to Defendant were [sic] fair and reasonable when compared to like services rendered by other Attorneys in Knox County, Ohio and the surrounding area. 2. No allegation of professional negligence by Plaintiff in his representation of Defendant is made by Defendant in this case. 3. Neither of the above-recited stipulations shall be construed as an admission by Defendant that all services rendered by Plaintiff were necessary or that any specific service was rendered by Plaintiff to Defendant." See March 29, 2005 Stipulations.
 {¶ 4} The following evidence was adduced at trial. In late April 2002, appellee hired appellant to represent him in connection with a DUI charge. The parties did not execute a written fee agreement. According to appellant, the parties agreed appellant would charge appellee $160.00/hour for services rendered, billed in quarter hour increments with travel time billed at $60.00/hour. Any out-of-pocket costs would be paid by appellee directly, or if paid by appellant, reimbursed by appellee.
 {¶ 5} Appellant was to invoice appellee every four weeks, during the representation, by submitting detailed invoices, which described the work performed, the date on which such was performed, and the hourly charge applicable to each activity. Appellee agreed to pay appellant a minimum of $500.00/month on the account during the representation. Appellant testified he never quoted a flat fee and did not provide appellee with an estimate of the eventual costs of the representation. Appellant, however, subsequently provided appellee with an estimate as to the costs of a post-conviction appeal.
 {¶ 6} After appellant's representation of appellee began, appellee was arrested on a charge of driving under suspension. Appellee engaged appellant to represent him in connection with this charge as well. Prior to trial on the DUI charge, appellee also consulted with appellant on two unrelated matters. The first consultation involved appellee's filing for divorce from his wife. The second consultation concerned a DUI charge pending against appellee in New Philadelphia, Ohio. Appellant charged appellee a total of $240.00 for the services rendered with respect to these two consultations.
 {¶ 7} The trial on appellee's DUI charge occurred on April 3, 2003. The trial concluded with the jury finding appellee guilty. On the same day, appellee entered a plea of guilty to the DUS charge. In preparation for trial, appellee filed a pretrial motion to admit three studies from the U.S. Traffic and Highway Safety Administration relating to the unreliability of the field sobriety tests, such as the ones administered to appellee on the date of his arrest. The trial court denied the motion and appellant filed a motion for reconsideration, which the trial court also denied. Appellant filed an appeal on appellee's behalf from the denial of these two motions. The appeal was ultimately dismissed. Appellant charged appellee $1,720.00 for the services rendered with respect thereto. Appellee concedes he is not entitled to payment for fees related to that pre-conviction appeal.
 {¶ 8} Following his trial on the DUI charge, appellee was incarcerated and appellant's representation of him ended for a short time. The Knox County Public Defender's Office filed a notice of appeal on appellee's behalf. Appellee requested appellant handle the post-conviction appeal to which appellant agreed. Appellant advised appellee of the expense involved as well as the unlikely prospects of success.
 {¶ 9} As an alternative to an appeal, appellant suggested appellee request a sentence modification from the trial court. Appellee agreed, and appellant pursued the sentence modification. Despite the prosecutor's agreement, the trial court rejected the proposal. Appellant charged appellee $2,240.00 for these services. Appellant subsequently pursued a post-conviction appeal on appellee's behalf. This work resulted in charges totaling $5,560.00.
 {¶ 10} The total for all of appellant's services was $21,435.00. Appellee paid $6,800.00 to appellant. Every four weeks, throughout the course of appellant's representation of appellee, appellant sent appellee an itemized invoice. Appellee never questioned or complained of the invoices received.
 {¶ 11} Appellee testified that during the initial meeting with appellant, appellant estimated the cost to contest the DUI charge through trial would be between $3,500.00 and $4,000.00. Appellee further testified he paid an initial retainer of $800.00.
 {¶ 12} In a judgment entry filed June 10, 2005, the trial court ordered appellant recover from appellee the sum of $6,040.00, plus interest and costs.
 {¶ 13} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 14} "I. THE DECISION OF THE TRIAL COURT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 15} "II. THE TRIAL COURT ERRED BY TREATING A FEE ESTIMATE AS A FEE MAXIMUM OR LIMIT.
 {¶ 16} "III. THE TRIAL COURT ERRED BY FAILING TO AWARD PLAINTIFF ADEQUATE COMPENSATION FOR SERVICES RENDERED BASED UPON QUANTUM MERUIT CONSIDERATIONS.
 {¶ 17} "IV. THE TRIAL COURT ERRED BY FAILING TO AWARD PLAINTIFF ADEQUATE COMPENSATION BASED UPON IMPLIED CONTRACT CONSIDERATIONS."
 I {¶ 18} In his First Assignment of Error, appellant challenges the trial court's decision on the basis that it is against the manifest weight of the evidence. We disagree.
 {¶ 19} The record in the case sub judice establishes that appellant failed to request findings of fact and conclusions of law pursuant to Civ.R. 52. "When a party fails to request findings of fact and conclusions of law, the reviewing court must presume the trial court applied the law correctly and must affirm if there is some evidence to support the judgment. [Citation omitted.] Rock v. Vanhouten, Knox App. No. 05 CA 8,2005-Ohio-6566, at ¶ 23.
 {¶ 20} Based upon our review of the record, we find there is some evidence to support the trial court's decision. Although appellant's estimate of fees was not a "maximum" or "limit" on fees, the record supports the conclusion that appellant gave an estimate that the fee would not exceed $4,000.00. Further, there is no evidence, in the record, explaining why the charges ultimately submitted to appellee significantly exceeded the estimate.
 {¶ 21} In its judgment entry, the trial court found appellant's billing records insufficient to support his fee. Specifically, the trial court referenced appellant's apparent inexperience in handling DUI offenses and stated, "[a]n attorney may accept employment in an area of law in which he does not have extensive experience if he expects to be qualified through study and investigation so long as such preparation does not result in unreasonable delay or expense to the client." Judgment Entry, June 10, 2005, at 2. However, "[t]he filing of the pre-conviction appeal together with the fact that Plaintiff met with the key witness for only one-half hour indicates to this Court that the amount of time that the Plaintiff expended on the primary defense of the OVI charge may have increased as he studied the various treatises and otherwise prepared himself and developed the requisite qualifications to represent the Defendant." Id.
 {¶ 22} Because appellant failed to request findings of fact and conclusions of law, he cannot now complain as to a lack of specificity as to which charges and services were unnecessary or unreasonable. We find there is some evidence to support the trial court's conclusion that appellant's billing records do not support the fees charged.
 {¶ 23} Appellant's First Assignment of Error is overruled.
 II {¶ 24} In his Second Assignment of Error, appellant maintains the trial court erred when it addressed the fee estimate, as testified to by appellee, as a fee "maximum" or "limit." The trial court never refers to or treats the estimate as a "maximum" or "limit". The trial court fixed a reasonable fee of $4,000.00 finding that appellant provided no evidence to explain why the charges ultimately submitted to appellee significantly exceeded his estimate. As noted above, we find the record contains some evidence to support the trial court's conclusion that appellant estimated the total charges, for the DUI, would not exceed $4,000.00.
 {¶ 25} Appellant's Second Assignment of Error is overruled.
 III, IV {¶ 26} We will address appellant's Third and Fourth Assignments of Error simultaneously. In these assignments of error, appellant maintains the trial court erred when it failed to award him adequate compensation for the services rendered based upon the doctrine of quantum meruit and implied contract considerations. We disagree.
 {¶ 27} Quantum meruit is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered. Fox Assoc. Co., L.P.A. v. Purdon (1989), 44 Ohio St.3d 69; Ricev. Wheeling Dollar Sav. Trust Co. (1951), 155 Ohio St. 391. To prove quantum meruit, a plaintiff must demonstrate: (1) a benefit conferred upon the defendant; and (2) the circumstances render it unjust to permit the defendant to retain the benefit without making payment therefor. Natl. City Bank v. Fleming (1981),2 Ohio App.3d 50; Rice at 397.
 {¶ 28} We find the record contains some evidence that appellant received just compensation for the reasonable value of the services rendered. The only service rendered by appellant that the trial court determined appellant was not entitled to compensation for was the pre-conviction appeal. Specifically, the trial court found that "[a]n experienced attorney would know that a pre-conviction appeal by a Defendant under the circumstances existing in this case is a waste of time." Id. The trial court limited appellant's recovery of fees on the DUI charge to $4,000.00 and the DUS charge to $800.00. Id. at 2-3. The trial court awarded all other fees as requested by appellant. As such, we find based upon the doctrine of quantum meruit and implied contract considerations that the trial court awarded appellant adequate compensation.
 {¶ 29} Appellant's Third and Fourth Assignments of Error are overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.
Wise, P.J., Boggins, J., concurs.
Hoffman, J., dissents.