[Cite as *Sexton v. Haines*, 2011-Ohio-3531.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| ROGER L. SEXTON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-090067 |
| ROBERT E. HAINES | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Delaware Municipal
Court, Case No. 10-CVG-01355

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      July 14, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

      ROBERT HAINES    Pro Se
      174 East Winter Street
      Delaware, OH 43015

*Gwin, P.J.*

{¶1}   Defendant Robert Haines appeals a judgment of the Municipal Court of Delaware County, Ohio, which overruled his objections to the decision of the magistrate to whom the matter had been referred. The court approved and adopted the magistrate's decision and entered judgment on behalf of plaintiff-appellee Roger Sexton on his complaint to evict appellant for failure to pay rent.  Appellant, who is pro se, assigns no errors, but challenges the magistrate's factual findings, and argues because his attorney was unprepared to try the case, and important evidence was not presented to the court.

{¶2}   The magistrate found when appellant was "down on his luck" appellee permitted him to reside in a storage facility adjacent to appellee's home.  Appellant moved into the premises in November 2009, and the parties reduced their agreement to writing on December 1, 2009.  They agreed appellant would pay $400 per month for his use of the premises plus an unspecified sum for utilities.  At the same time, appellant signed a written acknowledgment that he owed appellee at least $706 for various advances appellee had made.  Unfortunately, a short time after he moved in, appellant fell from a ladder and suffered serious injuries that required amputation of his foot.

{¶3}   The magistrate found appellant made sporadic payments in varying amounts.  The magistrate found from December 2009 through 2010 appellant paid appellee $3398 while the rent accruing from November 2009 through May 2010 totaled $2800.

{¶4}   The magistrate found the two parties have colorful backgrounds and their former friendship could not tolerate the rigors of daily proximity.   Ultimately, their

relationship deteriorated to the point where appellee served a three-day notice to leave on June 3, 2010, and a complaint to recover possession on June 10, 2010.

{¶5} At trial, appellant argued his payments of $3398 was more than sufficient to cover the $3,200 rent that had accrued through June. Appellee responded that he first applied the payments appellant had made to the $706 debt and the balance to rent. Appellee concluded appellant had not paid enough to cover the rent for May and June.

{¶6} The magistrate found appellant did not specify how the money was to be applied to the debt and the rent. Appellant argues he intended none of the payments to liquidate the loan and all of his payments should first be applied to rent.

{¶7} The magistrate found absent an express agreement by the parties or an expressed intention by appellant that a payment should apply only to rent, the appellee had the option to apply the payments to rent or to the debt. Appellee elected to apply the payments to satisfy the $706 loan first. The magistrate concluded appellant was in arrears for rent in May and June, and granted judgment in favor of appellee. The magistrate also noted the complaint only sought recovery of the premises and did not include a claim for unpaid rent.

{¶8} Thereafter, appellant filed objections to the magistrate's decision, arguing the magistrate's mathematics were flawed and if anything, appellant had overpaid for May and June. Appellant asserted he had informed appellee he would not pay the loan back because appellee had damaged or converted certain items of appellant's property.

{¶9} After reviewing the video transcript of the hearing before the magistrate, the trial court overruled the objections, finding the magistrate correctly calculated the accrued rent and the payments appellant had made. The court found the magistrate

was correct in determining appellee had the option of applying the payments either to the loan or the rent.

**{¶10}** With his pro se notice of appeal, appellant attached a handwritten narrative asserting he disagreed with nearly all the magistrate's findings of fact and especially his mathematics. Appellant asserted his counsel was totally incompetent in handling the case and was no longer representing him. Appellant suggested a review of the hearing would lead us to conclude appellee's credibility is questionable.

**{¶11}** Appellant also elaborated on his allegations of wrongdoing on the part of appellee. In his brief to this court, appellant asserts if this court orders a new hearing, he will produce evidence demonstrating appellee's testimony was fabricated.

**{¶12}** Appellant challenges the magistrate's findings, but this court cannot disturb a trial court's decision as being against the manifest weight of the evidence if the decision is supported by some competent and credible evidence. *C.E. Morris Company v. Foley Construction Company* (1978), 54 Ohio St. 2d 279, 376 N.E.2d 578.

**{¶13}** In reviewing appellant's arguments, we must be guided by the presumption that the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Company, Inc. v. Cleveland* (1984), 10 Ohio St. 3d 77, 80, 461 N.E. 2d 1273. We must defer to the factual findings of the judge regarding the credibility of the witnesses. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 227 N.E. 2d 212, syllabus by the court, paragraph one. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board* (1993), 66 Ohio St. 3d 619, 621, 614 N.E. 2d 748. A fact finder is to free to believe all,

part, or none of the testimony of each witness. *Hill v. Briggs* (1996), 111 Ohio App. 3d 405, 412, 676 N.E. 2d 547.

**{¶14}** If the evidence is susceptible to more than one construction, reviewing courts must give it the interpretation most consistent with the verdict and judgment. *White v. Euclid Square Mall* (1995), 107 Ohio App. 3d 536, 539, 669 N.E. 2d 82. Mere disagreement over the credibility of witnesses is an insufficient reason to reverse a judgment. *State v. Wilson,* 113 Ohio St. 3d 382, 2007-Ohio-2202, 865 N.E. 2d 1264, at paragraph 24.

**{¶15}** Further, reviewing courts may not consider issues not presented to the trial court. *State ex rel. Quarto Mining Company v. Foreman* (1997), 79 Ohio St. 3d 78, 81, 679 N.E. 2d 706, quoting *Goldberg v. Industrial Commission* (1936), 131 Ohio St. 399, 404, 3 N.E. 2d 364.

**{¶16}** Finally, appellant argues his attorney was not prepared to try the case, and a new hearing is required to present important evidence not adduced at the original hearing. The Supreme Court has instructed us that an unsuccessful civil litigant may not obtain a new trial based upon an assertion that his or her attorney was ineffective. *Goldfuss v. Davidson,* 79 Ohio St. 3d 116, 1997-Ohio-401, 679 N.E. 2d 1099, at page 122, citing *Roth v. Roth* (1989), 65 Ohio App. 3d 768, 776, 585 N.E. 2d 482; *Deppe v. Tripp* (C.A. 7, 1988), 863 F. 2d 1356, 1361.

**{¶17}** We have reviewed the record and the video transcript of the hearing before the magistrate, and we cannot say the trial court erred in overruling appellant's objections to the magistrate's decision, and adopting the decision as its own.

**{¶18}** For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS

WSG:clw 0627

[Cite as *Sexton v. Haines*, 2011-Ohio-3531.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROGER L. SEXTON | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| ROBERT E. HAINES | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-090067 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS