[Cite as *Schmidt v. Worthington*, 2011-Ohio-4088.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ANGELA (WORTHINGTON) SCHMIDT | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 11 CA 1 |
| WESLEY G. WORTHINGTON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                              Pleas, Case No. 98 DV 24555


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       August 17, 2011


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

PHILLIP S. PHILLIPS                     JACQUELINE D. TRESL
GOTTLIEB, JOHNSTON, BEAM                1500 Cowden Road
& DAL PONTE                             New Concord, Ohio  43762
320 Main Street, P. O. Box 190
Zanesville, Ohio  43702

*Wise, J.*

{¶1} Appellant Wesley G. Worthington appeals the decision of the Court of Common Pleas, Perry County, finding him in contempt of court upon a post-decree motion filed by Appellee Angela J. Worthington nka Schmidt, his former spouse. The relevant facts leading to this appeal are as follows.

{¶2} Appellant and appellee were divorced in Perry County in 1998. On February 28, 2007, the parties executed and filed an agreed post-decree judgment entry, which, inter alia, ordered appellee to continue to provide health insurance for the parties' three children, with all uninsured medical expenses to be paid 100% by appellant.

{¶3} On February 4, 2010, appellee filed a motion to show cause, alleging that appellant had failed to pay certain medical bills for one of the parties' children. The matter proceeded to an evidentiary hearing on July 30, 2010. The magistrate issued a finding of contempt on October 15, 2010, and recommended thirty days in jail, suspended on condition of appellant making a lump sum payment of a sum certain within 90 days of the entry.

{¶4} On October 29, 2010, appellant filed objections to the magistrate's decision. Furthermore, on December 3, 2010, appellant filed a motion for new trial under Civ.R. 59.

{¶5} On December 16, 2010, the trial court issued a judgment entry overruling the objections to the magistrate's decision, adopting the decision, and denying appellant's motion for a new trial.

{¶6}   On January 11, 2011, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:

{¶7}   "I.  THE TRIAL COURT ERRED WHEN IT FAILED TO INCLUDE IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW WHETHER APPELLANT HAD HEALTH INSURANCE COVERAGE FOR THE DAUGHTER, WHICH WAS ABSOLUTELY ESSENTIAL TO WHETHER APPELLANT WAS LIABLE.

{¶8}   "II.   THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A NEW TRIAL AFTER THE TRIAL COURT LEARNED THAT AT ALL TIMES APPELLANT DID HAVE HEALTH INSURANCE COVERAGE FOR THE DAUGHTER.

{¶9}   "III.   THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A NEW TRIAL WHEN APPELLANT TESTIFIED, VIA AFFIDAVIT, THAT THE ONE AND ONLY TIME APPELLANT MET WITH HIS COURT-APPOINTED ATTORNEY WAS FIVE MINUTES PRIOR TO TRIAL AND THAT THE COURT-APPOINTED ATTORNEY NEVER ASKED APPELLANT IF THE DAUGHTER WAS COVERED UNDER HIS HEALTH INSURANCE POLICY NOR DID ATTORNEY ASK APPELLANT FOR A COPY OF HIS HEALTH INSURANCE COVERAGE, WHICH MEANT APPELLANT PROCEEDED TO A FULL HEARING WITHOUT HIS MOST CRUCIAL PIECE OF EVIDENCE, DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶10}   "IV. THE TRIAL COURT ERRED HELD (SIC) THAT THE MOTION FOR NEW TRIAL WAS DENIED BECAUSE THE MOTION WAS NOT SUBMITTED TIMELY."

I.

{¶11}  In his First Assignment of Error, appellant contends the trial court erred in failing to include a recitation of whether appellant had health insurance coverage for the parties' daughter in its findings of fact and conclusions of law. We disagree.

{¶12}  In the case sub judice, appellant, who was represented by a different attorney prior to December 3, 2010, did not request findings of fact and conclusions of law from the magistrate, although the magistrate did issue some on her own initiative. Where an appellant fails to request findings of fact and conclusions of law, he or she cannot complain on appeal as to a lack of specificity of such findings. See *Lehmkuhl v. Vermillion*, Knox App.No. 05 CA 24, 2006-Ohio-3701, ¶ 22.

{¶13}  Accordingly, we find appellant's argument must fail.

{¶14}  Appellant's First Assignment of Error is overruled.

II.

{¶15}  In his Second Assignment of Error, appellant contends the trial court erred in denying his motion for a new trial, based on appellant providing, subsequent to the contempt finding, apparent written documentation of his insurance coverage of the child. We disagree.

{¶16}  Appellant's motion for a new trial appears to have relied on Civ.R. 59(A)(8), which states:

{¶17}  "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: *** (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial."

**{¶18}** The decision to grant or deny a motion for new trial rests in the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. *Sharp v. Norfolk & W. Ry. Co.* (1995), 72 Ohio St.3d 307, 312, 649 N.E.2d 1219. As the moving party, appellant had the burden of demonstrating that the evidence was actually newly discovered, that he exercised due diligence, and that the evidence is material, such that a new trial would probably produce a different result. See *Adeen v. Ohio Department of Commerce*, Cuyahoga App.No. 87135, 2006-Ohio-3604, ¶ 15.

**{¶19}** Upon review of the record before us, we are unpersuaded that the trial court's decision to deny a new trial in this instance constituted an abuse of discretion.

**{¶20}** Appellant's Second Assignment of Error is overruled.

III.

**{¶21}** In his Third Assignment of Error, appellant contends the trial court erred in denying his motion for a new trial on the basis of ineffective assistance of trial counsel.

**{¶22}** In the context of civil cases, a party may not obtain a new trial based upon an assertion that his or her attorney was ineffective. *Sexton v. Haines*, Delaware App.No. 2010–CA–090067, 2011-Ohio-3531, ¶ 16, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099, 1997–Ohio–401. The Tenth District Court of Appeals, in *Fidler v. Fidler*, Franklin App.No. 08AP-284, 2008-Ohio-4688, refused to allow an appellant challenging a contempt finding to "superimpose issues of effective assistance of counsel in a civil context where the constitutional protections afforded in criminal proceedings have not been incorporated." Id. at ¶ 16. We therefore find

appellant's challenge to the trial court's denial of his new trial motion in the case sub judice on the basis of ineffective assistance to be without merit.

{¶23}  Appellant's Third Assignment of Error is overruled.

IV.

{¶24}  In his Fourth Assignment of Error, appellant contends the trial court erred in finding that his motion for new trial was untimely.

{¶25} Based on our previous conclusions herein, even if the trial court erroneously determined that appellant's Civ.R. 59 motion was filed outside of time requirements, said motion was properly denied on the merits. As an appellate court, we are not required to issue an advisory or merely academic ruling. See, e.g., *In re Merryman/Wilson Children,* Stark App.Nos. 2004 CA 00056 and 2004 CA 00071, 2004-Ohio-3174, ¶ 59, citing *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75.

{¶26}  Appellant's Fourth Assignment of Error is therefore overruled.

{¶27}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 0729

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


ANGELA (WORTHINGTON) SCHMIDT         :
                                     :
    Plaintiff-Appellee               :
                                     :
-vs-                                 :                   JUDGMENT ENTRY
                                     :
WESLEY G. WORTHINGTON                :
                                     :
    Defendant-Appellant              :                   Case No. 11 CA 1


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.

Costs to be assessed to appellant.


_____

_____

_____

JUDGES