[Cite as *Moore v. Moore*, 2018-Ohio-1545.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Diane J. Moore

Appellee

v.

Gerry L. Moore

Appellant

Court of Appeals Nos. E-17-011

Trial Court Nos.  2015-DR-0064

**DECISION AND JUDGMENT**

Decided:  April 20, 2018

* * * * *

Robert M. Reno, for appellee.

Amanda A. Andres, for appellant.

* * * * *

**JENSEN, J.**

**{¶ 1}** Defendant-appellant, Gerry L. Moore, appeals the February 10, 2017 judgments of the Erie County Court of Common Pleas, Domestic Relations Division, denying his motions to vacate judgment and for a new trial.  For the reasons that follow, we affirm.

## I. Background

{¶ 2} Gerry L. Moore ("Gerry") and Diane J. Moore ("Diane") were married on March 30, 1996. On May 1, 2015, Diane filed a complaint for divorce in the Erie County Court of Common Pleas, Domestic Relations Division. Gerry filed a counterclaim for legal separation or, in the alternative, divorce. On September 12, 2016, a hearing was held relative to the distribution of their assets.

{¶ 3} On September 23, 2016, Diane filed proposed findings of fact and conclusions of law. Gerry moved for an extension of time to do the same. The motion was granted, but Gerry never submitted his own proposed findings of fact and conclusions of law. The magistrate issued a decision dated November 4, 2016. That decision was a verbatim recitation of the findings and conclusions proposed by Diane.

{¶ 4} Gerry filed non-specific objections to the magistrate's decision, claiming that the decision was contrary to law, against the manifest weight of the evidence, and an abuse of discretion, but he filed no brief in support of his objections, no argument, and no record or case citations. He sought an extension of time by which to supplement his objections, file a transcript of the hearing, and prepare a brief in support of his objections. On November 21, 2016, the magistrate granted Gerry an extension of time to file the transcript and, thereafter, 30 days within which to file his brief in support of his objections, along with any supplemental objections. Diane moved the court for an order specifying the date by which Gerry must file the transcript. The magistrate set a date of December 30, 2016.

2.

{¶ 5} A court reporter's certification was filed on December 7, 2016, indicating that the transcript had been ordered and that it would take 90 days to prepare it. The certification was dated November 21, 2016. On December 8, 2016, Gerry's trial counsel moved to withdraw from the case because she had been terminated by her client. Her motion was granted on December 13, 2016. A new attorney entered an appearance for Gerry on December 28, 2016.

{¶ 6} The transcript was not filed on December 30, 2016, and no motion for an extension was filed with the court. In a judgment entry journalized on January 19, 2017, the trial court approved the magistrate's decision in its entirety. In its judgment, the court summarized the procedural posture of the case relative to Gerry's objections and to his request for an extension of time to obtain the transcript. The court apparently had been apprised of the circumstances relative to efforts to obtain the transcript. It described the circumstances as follows:

> On December 12, 2016 [the court reporter] received a telephone call from [Gerry's former attorney] to the effect that [she] was in the process of withdrawing from Gerry's representation [and] no longer had any need for a transcript. [The court reporter] thereupon ceased working upon the same. On December 13, 2016, [Gerry's former counsel's] motion to withdraw was granted. Nothing further transpired until December 27 or perhaps 28, 2016. On one of those two dates, Gerry's son * * * paid a visit to [the court reporter's] office wishing to pay a deposit to her for the purpose of having a

3.

transcript prepared. [She] refused to accept money because she had been told by [Gerry's former counsel] that a transcript would not be needed. * * * On December 28, 2016, [Gerry's new attorney] entered her appearance * * *. On December 30, 2016 [she] spoke with [the court reporter] over the telephone indicating that she would be in need of a transcript; [she] explained she would send [Gerry's son] back to [her] office with a deposit. [She] also indicated to [the court reporter] that [she] would be filing a motion seeking an extension of the December 30, 2016 deadline. No such motion was ever filed. December 30, 2016, has come and gone and the Court still has no transcript of the proceedings [Gerry] wishes the court to review.

{¶ 7} On January 27, 2017, Gerry filed (1) a motion for extension of time to file transcripts, (2) a motion to vacate judgment under Civ.R. 60(B), and (3) a motion for a new trial under Civ.R. 59(A). The trial court denied all three motions in orders journalized on February 10, 2017. Gerry appealed the trial court judgments denying his motions to vacate judgment and for a new trial.[1] He assigns the following errors for our review:

ASSIGNMENT OF ERROR I

---

[1] Gerry also sought review of the January 19, 2017 judgment, but his notice of appeal was dismissed as not timely-filed.

4.

THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIV.R. 59

MOTION FOR NEW TRIAL.

ASSIGNMENT OF ERROR IV [sic]

THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 60(B)

MOTION WHEN APPELLANT'S PRIOR COUNSEL FAILED TO FILE PROPOSED

FINDINGS OF FACTS AND CONCLUSIONS OF LAW AND PRODUCE OBJECTIONS

TO THE MAGISTRATE'S FINDINGS OF FACTS AND CONCLUSIONS OF LAW,

EVEN THOUGH APPELLANT'S [sic] HAD REQUESTED THE SAME.

## II. Law and Analysis

{¶ 8} The factual bases for Gerry's motions for a new trial and to vacate judgment are essentially the same. First, he claims that his trial counsel never provided him with a copy of Diane's proposed findings of fact and conclusions of law, and he says he did not see them until he hired his current counsel.[2] He insists that they were "littered with inaccuracies and failed to take into consideration a number of the parties' marital assets." He maintains that he "never was afforded the opportunity to provide the Court with his version of events as to what the evidence truly showed at the time of trial based upon his Counsel's failure to file [proposed findings of fact and conclusions of law]."

{¶ 9} Second, Gerry maintains that he believed that the trial transcript had been ordered and was being prepared, but shortly after hiring new counsel, it was discovered

---

[2] Gerry was incarcerated during the majority of these proceedings after kidnapping and attempting to shoot Diane. He entered a plea of guilty on April 14, 2016, to felonious assault, kidnapping, failure to comply with the order of a police officer, and inducing panic, along with firearms specifications on the kidnapping and felonious assault charges.

5.

that the court reporter had not been paid, thus the transcript was not being prepared.  He says that upon learning that the court reporter hadn't been paid, his new attorney immediately directed his son to pay the court reporter.

{¶ 10} Third, Gerry contends that his trial counsel provided ineffective assistance of counsel based on her "inability to (a) present the evidence substantially; (b) present relevant evidence; (c) question witnesses; and (d) submit findings of fact and conclusions of law."  He says that her ineffective assistance persisted through all phases of the litigation.

{¶ 11} Diane maintains that the lower court proceedings were conducted fairly and properly.  She claims that Gerry is responsible for his own situation which was complicated by the fact that he (1) hired and fired multiple attorneys, and (2) was imprisoned during the course of the litigation for crimes he perpetrated against her.  She submits that the magistrate considered the evidence and testimony offered by both parties at the September 12, 2016 hearing, but ultimately believed Diane.  And she points out that after learning that the request for the transcript had been canceled, Gerry waited until *after* judgment was entered on January 19, 2017, to request an extension of time.  Diane submits that under the circumstances of this case, Gerry cannot establish the grounds for a new trial under Civ.R. 59(A) or for a motion to vacate judgment under Civ.R. 60(B).

**A.  The motion for new trial was properly denied.**

{¶ 12} Gerry claims that the January 19, 2017 trial court judgment and the underlying magistrate's decision were based on erroneous facts and are contrary to law. He insists that if he had been afforded sufficient counsel, he would have submitted his

6.

own proposed findings of fact and conclusions of law.  Gerry suggests that the magistrate's findings and conclusions would have been different had he done so.

{¶ 13} Under Civ.R. 59(A), a new trial may be granted upon any of the following grounds:

(1)  Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

(2)  Misconduct of the jury or prevailing party;

(3)  Accident or surprise which ordinary prudence could not have guarded against;

(4)  Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

(5)  Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

(6)  The judgment is not sustained by the weight of the evidence * * *;

(7)  The judgment is contrary to law;

(8)  Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

7.

(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.

{¶ 14} The standard of review of a trial court judgment denying a motion for new trial under Civ.R. 59(A) depends on the ground for such motion. A motion for new trial brought under Civ.R. 59(A)(1), (2), (3), (4), (5), (6), or (8) is reviewed for an abuse of discretion. *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.,* 8th Dist. Cuyahoga No. 104014, 2017-Ohio-1443, ¶ 12, 13; *Johnson v. Johnson*, 5th Dist. Stark No. 2015CA00076, 2015-Ohio-4748, ¶ 16-17; *GMS Mgt. Co. v. Coulter*, 11th Dist. Lake No. 2005-L-071, 2006-Ohio-1263, ¶ 20-21. A motion for new trial brought under Civ.R. 59(A)(7) or (9), is reviewed de novo. *Gateway Consultants Group* at ¶ 12, 22.

{¶ 15} Although not specifically identified in his brief, Gerry sought a new trial in the lower court under Civ.R. 59(A)(1), (6), (7), (8), and (9). Central to his argument under each of these provisions is his contention that his trial counsel was ineffective.

{¶ 16} Ohio courts recognize that "[i]n the context of civil cases, a party may not obtain a new trial based upon an assertion that his or her attorney was ineffective." *Schmidt v. Worthington*, 5th Dist. Perry No. 11 CA 1, 2011-Ohio-4088, ¶ 22; *Sexton v. Haines*, 5th Dist. Delaware No. 2010-CA-090067, 2011-Ohio-3531, ¶ 16. In *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 1679 N.E.2d 1099 (1997), the Ohio Supreme Court discussed the rationale for this holding. It explained that parties in civil litigation choose their own counsel and, therefore, bear the responsibility for their attorney's choices in

8.

prosecuting and defending claims. *Id.* The court reasoned that to allow a new trial based on an assertion of ineffective assistance of counsel "would unfairly shift the loss caused by poor strategy decisions, miscalculations, or errors from the party responsible to the innocent opponent." *Id.*

{¶ 17} Here, Gerry's motion for new trial was wholly based on what he claimed were errors of counsel. While he submits generally that the judgment is not sustained by the weight of the evidence, is contrary to law, and contains errors of law, his only explanation for these contentions is that his attorney was ineffective in presenting evidence on his behalf. Accordingly, we find that the trial court properly denied his motion.

{¶ 18} We find Gerry's first assignment of error not well-taken.

### B. The motion to vacate judgment was properly denied.

{¶ 19} As with his motion for a new trial, Gerry's motion to vacate is premised on his trial counsel's purported errors in failing to file proposed findings of fact and conclusions of law, failing to file timely objections to the magistrate's decision, and failing to "properly represent him." He argues that under Civ.R. 60(B)(1)(2), and (5), the judgment should be vacated.

{¶ 20} Under Civ.R. 60(B), a party may be relieved from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not
>
> have been discovered in time to move for a new trial under Rule 59(B);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

{¶ 21} The Supreme Court of Ohio has held that to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic Electric, Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. We review a trial court judgment denying a motion for relief from judgment under an abuse of discretion standard. *Kerger & Hartman, LLC v. Ajami*, 6th Dist. Lucas No. L-16-1135, 2017-Ohio-7352, ¶ 13. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 22} To prove a meritorious defense under the first element of *GTE Automatic Electric*, "a movant must provide operative facts which, if true, would constitute a meritorious defense; ultimate success on the merits need not be established." *Kerger &*

10.

*Hartman, LLC* at ¶ 16, citing *K. Ronald Bailey & Assocs. v. Martin*, 6th Dist. Erie No. E-08-057, 2009-Ohio-2932, ¶ 15. "Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment." *Aurora Loan Servs., LLC v. Wilcox*, 2d Dist. Miami No. 2009 CA 9, 2009-Ohio-4577, ¶ 14. In his motion in the trial court, Gerry offered no operative facts which, if true, would constitute a meritorious claim or defense. He, therefore, failed to satisfy the first *GTE* element.

{¶ 23} As to the second *GTE* element, Gerry contends only that his counsel was ineffective. Ohio courts hold that the neglect of a party's attorney generally will be imputed to the party and is not a proper basis to support a motion to vacate judgment under Civ. R. 60(B)(1) or (5). *Argo Plastic Prods. Co. v. Cleveland*, 15 Ohio St.3d 389, 474 N.E.2d 328 (1984), syllabus; *Charles v. Anthony*, 10th Dist. Franklin No. 92AP-51, 1992 Ohio App. LEXIS 4769, *17-19 (Sep. 15, 1992); *Cornett v. Cornett*, 2d Dist. Greene No. 2016-CA-7, 2016-Ohio-7902, ¶ 12, 14. As such, "granting relief from a judgment due to an attorney's misconduct would contradict the purpose of Civ. R. 60(B) - to afford relief in the interests of justice."[3] *Chapman v. Chapman*, 2d Dist. Montgomery No. 21244, 2006-Ohio-2328, ¶ 17. Accordingly, Gerry has not established any of the grounds stated in Civ. R. 60(B)(1) through (5), and, therefore, has failed to

---

[3] Gerry offers no explanation why Civ.R. 60(B)(2) may be applicable here. He also offers no explanation for the failure to seek an additional extension of time between December 28, 2016 (when it was learned that the transcript was not being prepared) and January 19, 2017 (when judgment was entered).

11.

satisfy the second *GTE* element.  The trial court properly denied his motion to vacate judgment.

{¶ 24} We find Gerry's second assignment of error not well-taken.

### III.  Conclusion

{¶ 25} The trial court properly denied Gerry's motions to vacate judgment and for a new trial.  We, therefore, find Gerry's two assignments of error not well-taken, and we affirm the February 10, 2017 judgments of the Erie County Court of Common Pleas, Domestic Relations Division.  Gerry is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.