DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted appellee Donna G.'s motion to dismiss appellant Dean S.'s motion to vacate an earlier judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} This horribly protracted litigation began in 1994 when appellee first filed a paternity action against appellant. Appellee ultimately dismissed that case, and on July 30, 1998, refiled a complaint in parentage in which she sought a determination that *Page 2 
appellant was the father of her daughter, Gina G., born in December 1991, and an award of child support. Initial DNA test results revealed that there was a 99.91 percent probability that appellant was in fact Gina's father. On November 23, 1998, the lower court issued a judgment ordering appellant to pay child support of $752.31 a month, beginning on December 1, 1998, but did not address the issue of back child support. Ultimately, on March 1, 2000, the lower court filed a judgment entry which awarded appellee a lump sum judgment of $14,062.50 for past due child support from the time of Gina's birth until the court's November 17, 1998 decision naming appellant Gina's father. The court further ordered appellant to pay on the arrearage at the rate of $86.66 per month, beginning on February 1, 2000, in addition to the current order of child support and the support arrears that had accumulated since December 1, 1998.
 {¶ 3} On April 13, 2001, appellee filed a motion to show cause in which she asserted that appellant had failed since January 19, 2001, to pay support and past due support as ordered by the court. As a result of this motion, a consent judgment entry was filed with the trial court on October 25, 2001. That entry states that the parties have reached an agreement as to the amount of child support arrears due and owing to appellee from appellant and granted appellee a lump sum judgment of $26,362.93 for child support arrears through August 20, 2001. The entry further ordered appellant to pay on the arrearage in the amount of $86.67 per month in addition to the current order of support. Despite the title of the entry, however, it was not signed by appellant or his attorney and was only signed by appellee, her attorney, and the trial judge. *Page 3 
 {¶ 4} Over the next two years, numerous motions to modify and/or show cause were filed by the parties. Then, on March 20, 2003, appellant filed a motion to set aside the consent judgment entry of October 25, 2001, and/or to correct the records. Appellant asserted that the arrearage figure set forth in that entry, $26,362.93, was erroneous and that he was not given credit for child support payments that he made in 1998, 1999, 2000 and 2001. He stated that he only recently discovered the discrepancy when the judgment entry was filed in Montgomery County. He further noted that although the entry was titled a consent judgment entry, neither he nor his attorney ever signed the order. At a hearing of July 29, 2003, however, appellant agreed to dismiss the motion to set aside the consent judgment entry so that counsel for appellant and appellee could investigate together the issue of whether a mistake had been made in the computation of the arrearage figure. During this same time period, appellant filed a motion to modify his child support payments. Appellant asserted that his unemployment compensation benefits had run out, that he had no income, and that he was disabled and had applied for disability benefits but had not yet been notified if he was eligible. In a magistrate's decision of August 12, 2003, the lower court denied the motion to modify, finding that the motion had not been supported by any evidence at that time. In a judgment entry of August 26, 2003, the lower court approved the decision of the magistrate.
 {¶ 5} Between January 15, 2004, and July 30, 2004, appellant filed four motions to correct the record and/or set aside the judgment entry of October 25, 2001. One of those motions was filed by appellant's then attorney and three were filed by appellant pro *Page 4 
se. In addition, appellant filed four pro se motions to modify child support. On October 13, 2004, a juvenile court magistrate held a hearing on all pending motions. Initially, the court dismissed all the duplicate motions that had been filed by appellant. The court also dismissed appellant's July 30, 2004 motion to set aside the magistrate's order, finding that it was not timely filed. The court then noted that the motions left to be addressed included, inter alia, appellant's March 26, 2004 motions to correct records and to modify child support. Regarding appellant's motion to correct the records, the magistrate informed appellant and his attorney that he had reviewed the Lucas County Child Support Enforcement Agency ("LCCSEA") records in camera and did not see any error in the audit of those records. The magistrate then asked appellant's counsel if she had any evidence or documentation that would show the LCCSEA audit to be incorrect. Appellant's counsel stated that she did not. The magistrate then responded that he would dismiss the motion. Finally, the magistrate continued the case for a further hearing on the parties' competing motions to modify child support.
 {¶ 6} On October 22, 2004, the lower court magistrate filed a magistrate's decision reflecting his rulings at the October 13, 2004 hearing, including the dismissal of appellant's motion to vacate the consent judgment entry of October 25, 2001. On November 3, 2004, appellant filed pro se objections to the magistrate's decision, again challenging the LCCSEA audit establishing the amount of the past due child support arrearage. *Page 5 
 {¶ 7} The case proceeded to a hearing on the competing motions to modify child support on February 14, 2005. At the beginning of the hearing, however, appellee dismissed her motion. As such, the only motion heard by the court was appellant's motion to modify child support that he had filed on March 26, 2004. During the hearing, appellant submitted a document indicating that as of June 1, 2003, his monthly veterans disability benefit was $633. The court then found appellant's motion to modify not well taken. In the magistrate's decision signed on February 14, 2005, however, the court expressly dismissed only appellee's motion to modify and did not address the issue of appellant's motion to modify. Appellant responded by filing objections to the magistrate's decision and asking the court to modify his child support payments from January 1, 2001 to June 30, 2002. On March 22, 2005, the trial court issued a judgment entry adopting the magistrate's decision of February 14, 2005, and dismissing appellee's motion to modify child support. Again, the issue of appellant's motion to modify child support was not addressed.
 {¶ 8} On April 8, 2005, appellant appealed the trial court's judgment entry of March 22, 2005, to this court. Because the trial court had not ruled on the objections, however, we remanded the case to the trial court for that ruling. On May 11, 2005, the lower court issued a judgment entry ruling on appellant's objections. The court denied the objections and specifically affirmed the magistrate's decision to dismiss the motion to modify filed by appellant. *Page 6 
 {¶ 9} On July 6, 2005, appellant filed yet another motion to modify child support from 1998 to 2002. Then, on August 31, 2005, appellant filed another motion to vacate the consent judgment entry of October 25, 2001, to correct the records, to modify the arrearage, and to modify current and back child support. In response, appellee filed a motion to dismiss the motion to vacate. In a judgment entry dated January 19, 2006, the trial court granted appellee's motion to dismiss appellant's motion to vacate the consent judgment of October 25, 2001. It is from that judgment that appellant filed a notice of appeal.
 {¶ 10} Appellant has filed a pro se brief identifying seven assignments of error. Because he has not listed them independently and as required by App.R. 16, we will summarize them as they are addressed.
 {¶ 11} Appellant's first, third and fourth assignments of error all address the lower court's treatment of his motion to vacate the consent judgment entry of October 25, 2001. In his first assignment of error, appellant asserts that the LCCSEA erroneously calculated the amount of past child support that he owed. In his third assignment of error, appellant asserts that the consent judgment entry of October 25, 2001, was flawed because it was based on an erroneous audit and was not signed by either him or his attorney. Appellant further asserts that he did not receive notice of this entry until 2003 when an action to collect on the judgment was filed against him in Montgomery County. In his fourth assignment of error, appellant contends that despite the efforts of his attorneys, the records of the LCCSEA were never reviewed and corrected. For these reasons, appellant *Page 7 
contends, the lower court should have granted his motion to vacate the consent judgment entry.
 {¶ 12} A party seeking to vacate a judgment pursuant to Civ.R. 60(B) must show, through operative facts presented in evidentiary form, all three of the following: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
 {¶ 13} Civ.R. 60(B) provides, in pertinent part, that a court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." A party is entitled to relief from judgment under Civ.R. 60(B)(5), the "catchall" provision, only if he can demonstrate any other reason not *Page 8 
listed in Civ.R. 60(B)(1)-(4) that justifies relief being granted. Ohio courts have routinely said that Civ.R. 60(B)(5) is not to be used as a substitute for any other more specific provisions of Civ.R. 60(B)(1)-(4). Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. The catchall provision should only be used in rare cases where substantial grounds exist to justify relief. Wiley v. Gibson (1997), 125 Ohio App.3d 77, 81. Furthermore, a Civ.R. 60(B) motion is not to be used as a substitute for direct appeal. State ex rel. Bragg v. Seidner
(2001), 92 Ohio St.3d 87, citing Key v. Mitchell (1998),81 Ohio St.3d 89, 90-91.
 {¶ 14} The decision to grant or deny a motion for relief from judgment, or to vacate a judgment, is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St. 3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} In appellant's motion to vacate the consent judgment entry of October 25, 2001, which he filed on August 31, 2005, he did not expressly cite any section of Civ.R. 60(B) as grounds for relief, but simply stated, as he had previously, that the LCCSEA made a mistake in calculating the child support arrearage in its August 2000 audit which mistake had yet to be corrected. Accordingly, we assume he was seeking relief pursuant to Civ.R. 60(B)(1). His motion was clearly not filed within one year of the judgment that he sought to have vacated. Although he asserted throughout the proceedings below that *Page 9 
he did not know of the October 2001 judgment until August 2003, the docket sheet from the trial court proceedings states under the entry reflecting the consent judgment entry that the documents were sent to appellant. The record further reflects that appellant's address at that time was the same as it was when he filed his August 31, 2005 motion. Moreover, appellant did not support his motion to vacate with an affidavit or any other evidentiary material that would support a finding that appellant was not notified of the consent judgment entry. Finally, it is noteworthy that the lower court magistrate, at the hearing of October 13, 2004, on an earlier filed motion to correct the LCCSEA records, indicated that he had reviewed the records off the record and in-camera and found no error in the audit. The magistrate then asked appellant's attorney if she had any evidence that the audit was incorrect. She responded that she did not. For these reasons, we must conclude that the trial court did not abuse its discretion in denying appellant's motion to vacate the consent judgment entry and the first, third and fourth assignments of error are not well-taken.
 {¶ 16} In his second assignment of error, appellant contends that a fraud was committed against him by the LCCSEA when the agency failed to advise him that other individuals had previously been listed as Gina's father on department documents. Appellant has continued to insist throughout the lower court proceedings, and in his brief before this court, that he is not Gina's biological father and that the lower court did not have jurisdiction over him. The results of several genetic tests, filed in the proceedings below, all indicate that appellant is Gina's biological father. While appellant did file a *Page 10 
motion to vacate the initial paternity finding, that motion was denied and appellant did not appeal that judgment. That judgment is, therefore, res judicata and appellant has not explained why the LCCSEA had an obligation to inform him that other individuals had previously been listed as Gina's father or how that is relevant to the judgment from which this appeal has been taken. The second assignment of error is not well-taken.
 {¶ 17} We will address appellant's fifth and sixth assignments together. It is unclear exactly what appellant is challenging in his fifth assignment of error. Appellant first asserts that he filed a motion to modify child support on March 26, 2004, in which he alleged a substantial change in circumstances in terms of income. He further asserted that his disability benefits could not be counted as income for purposes of child support. The lower court ultimately denied that motion on May 11, 2005. That judgment was the subject of appellant's earlier appeal, Donna G. v. Dean S., 6th Dist. No. L-05-1116. That appeal, however, was dismissed on July 18, 2006, for appellant's failure to file a brief. The trial court's ruling on that motion is, therefore, no longer subject to challenge.
 {¶ 18} Next, appellant asserts that his attorney filed a motion on March 20, 2003, which was never heard by the court. The record reveals that the only motion filed by appellant's attorney on March 20, 2003, was a motion to set aside the consent judgment entry of October 25, 2001 and/or to correct the record. As indicated above, that motion, or a subsequent identical version of that motion, was heard by the court.
 {¶ 19} Appellant further asserts that he was never served with a copy of appellee's motion to dismiss his August 31, 2005, motion to vacate. The record reveals, however, *Page 11 
that at that time appellant was represented by counsel and that counsel was served with that motion. The fifth and sixth assignments of error are not well-taken.
 {¶ 20} Finally, in his seventh assignment of error, appellant contends that the trial court erred when, in a judgment entry of November 3, 2005, it granted his trial counsel's motion to withdraw and denied appellant's pro se motion for the appointment of new counsel. This occurred after appellant's counsel had filed the last motion to vacate and before the court ruled on that motion. The record reveals that throughout the proceedings below, appellant was represented by no fewer than eight attorneys, many of whom were appointed by the trial court. Effective September 29, 2005, however, appellant was no longer entitled to the appointment of counsel under R.C. 2151.352. Accordingly, the trial court did not err in denying appellant's final motion for appointment of counsel and the seventh assignment of error is not well-taken.
 {¶ 21} In addition to his appellate brief, appellant has pending before this court a "motion to settle case," in which he sets forth terms of a settlement that he proposes. Nothing in the Ohio Rules of Appellate Procedure provide for such motions and appellee has not agreed to the proposed settlement. The motion is therefore denied.
 {¶ 22} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1