[Cite as *F.H. v. K.M.*, 2017-Ohio-5681.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


F.H.                                                    Court of Appeals No. L-16-1275

       Appellant                                    Trial Court No. JC 05150182

v.

K.M.                                                   **DECISION AND JUDGMENT**

       Appellee                                     Decided:  June 30, 2017

* * * * *

Vesper C. Williams II, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the October 16, 2016 judgment of the Lucas County Court of Common Pleas, Juvenile Division, that denied appellant's motion for relief from judgment.

{¶ 2} Appellant seems to present a single assignment of error and that is "the trial court abused its discretion by dismissing his VERIFIED MOTION FOR RELIEF FROM

JUDGMENT OR ORDER." He also argues that the trial court erred by not holding a hearing on the motion.

{¶ 3} Civ.R. 60(B) provides, in pertinent part, that a court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 4} A party is entitled to relief from judgment under Civ.R. 60(B)(5), the "catchall" provision, only if he can demonstrate any other reason not listed in Civ.R. 60(B)(1)-(4) that justifies relief being granted. Ohio courts have routinely said that Civ.R. 60(B)(5) is not to be used as a substitute for any other more specific provisions of Civ.R. 60(B)(1)-(4). *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983). The catchall provision should only be used in rare cases where substantial grounds exist to justify relief. *Wiley v. Gibson*, 125 Ohio App.3d 77, 81, 707 N.E.2d 1151 (1st Dist.1997). Furthermore, a Civ.R. 60(B) motion is not to be used as a

2.

substitute for direct appeal. *State ex rel. Bragg v. Seidner*, 92 Ohio St.3d 87, 748 N.E.2d 532 (2001), quoting *Key v. Mitchell*, 81 Ohio St.3d 89, 689 N.E.2d 548 (1998).

{¶ 5} In this case before the court, the original judgment was issued by the trial court and journalized on January 2, 2008. The court records indicate that all parties and their counsel were notified of the judgment. More specifically, the clerk notified appellant by regular mail on January 2, 2008, at 11030 Bunting, Curtice, Ohio 43412. This is the same address used by appellant when he filed his motion to vacate with the trial court on May 17, 2016. Now, over eight years since he was notified of the judgment of the court, he seeks to vacate the judgment on the basis that the findings of fact were in error.

{¶ 6} Appellant asserts that the finding that the "child(ren) listed in this action are in the possession and care of the Plaintiff" was in error. Appellant makes no attempt to explain why it has taken him eight years to discover that his child was not in his possession. Appellant further asserts that the trial court also erred in finding that the child support guideline worksheet had been completed and entered as part of the court record. The record does, in fact, contain a completed child support guideline from which an order of child support could have been computed in 2007. Appellant further takes exception to a finding that he failed to appear at the November 6, 2007 hearing when the record reflects that he was personally "handed" a notice of the hearing on September 26, 2007.

3.

**{¶ 7}** The motion was obviously not timely filed. Additionally, appellant's allegations are simply insufficient to constitute operative facts that would require a hearing on his motion to vacate.

**{¶ 8}** It further appears that the motion to vacate is being used as a substitute for an appeal from the original judgment of January 2, 2008. All of these issues could have been raised by way of an appeal from the 2008 judgment of which he was notified over eight years ago. The decision to grant or deny a motion for relief from judgment, or to vacate a judgment, is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). *Donna G. v. Dean S.*, 6th Dist. Lucas No. L-06-1036, 2007-Ohio-2667.

**{¶ 9}** We cannot find an abuse of discretion on the part of the trial court when it denied the motion to vacate. We find the assignment of error as stated in appellant's brief to be found not well-taken and denied.

**{¶ 10}** The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                     _____
                                                     JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.                       _____
CONCUR.                                                  JUDGE

_____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.