[Cite as *Kerger & Hartman, L.L.C. v. Ajami*, 2017-Ohio-7352.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Kerger & Hartman, LLC, et al.

Plaintiffs

v.

Mohamad Ajami, et al.

Appellee

[Habib "Herbert" Howard—Appellant]

Court of Appeals No. L-16-1135

Trial Court No. CI0200908133

**<u>DECISION AND JUDGMENT</u>**

Decided:  August 25, 2017

* * * * *

Norman A. Abood, pro se appellee.

Herbert Howard, pro se.

* * * * *

**SINGER, J.**

**{¶ 1}** This case is an appeal from three judgments of the Lucas County Court of Common Pleas by appellant Habib "Herbert" Howard.  Appellant appeals the trial court's:  June 13, 2016 judgment denying appellant's motion for relief from judgment;

June 20, 2016 order to seal and strike from the record the transcript of the audio recording filed June 17, 2016; and June 21, 2016 judgment denying appellant's second motion for relief from judgment. For the reasons that follow, we affirm the trial court's judgments.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

I. The trial court erred, as a matter of law, in denying Appellant's 60(B) Motions[.]

II. The trial court erred, as a matter of law, in refusing to grant Appellant hearings on his 60(B) Motions[.]

III. The trial court erred, as a matter of law, in sealing the transcript and 60(B) Motion filed by Appellant[.]

## Facts

{¶ 3} This case originates from an action filed on November 10, 2009, by the law firm of Kerger & Hartman, LCC ("the law firm") to collect attorney fees and expenses owed to them pursuant to two fee agreements. The law firm named Mohamad Ajami ("Mohamad"), Hanadi Harajli, Jamil Ajami, American Petroleum Retail, Inc. ("RKA"), attorney Norman Abood and appellant as defendants.

{¶ 4} The fees sought by the law firm were linked to Mohamad and Hassan Harajli's ("Hassan") business and financial dealings with respect to gas station property ("the property") located in Toledo, Ohio. The two men had a falling out and a

2.

foreclosure complaint with respect to the property was filed against Mohamad in May of 2004.

{¶ 5} Later in 2004, Mohamad traveled to the country of Lebanon, where he was arrested, detained and tortured. It was discovered that Hassan had paid $50,000 to have Mohamad unlawfully arrested and tortured. Ultimately, Mohamad was released, due to efforts of the United States Embassy in Beirut. Upon returning to the United States, Mohamad retained Abood to represent him. On October 20, 2004, Mohamad executed a fee agreement with Abood for legal services. Abood then retained the law firm to serve as co-counsel, and a second fee agreement was executed, in March of 2006, between Mohamad and Abood.

{¶ 6} Abood and the law firm were not paid for their legal services, thus the law firm filed its action for fees and expenses. In its September 15, 2014 judgment, the trial court determined the validity of Abood's charging lien and the priority of the claims against the proceeds from the sale of the property. RKA appealed.

{¶ 7} On December 5, 2014, while RKA's appeal was pending, appellant filed his first motion for relief from judgment pursuant to Civ.R. 60(B) with the trial court suggesting Abood engaged in fraud. Appellant maintained he had a conversation with Mohamad in the presence of RKA's attorney where Mohamad said Abood claimed he was only owed $50,000, and Mohamad said he was not aware of the 45 percent fee agreement upon which Abood was granted judgment. These statements conflicted with

3.

statements Mohamad subsequently made under oath. The trial court stayed appellant's motion pending disposition of the appeal.

{¶ 8} On December 11, 2015, we affirmed the trial court's judgment. *Kerger & Hartman, LLC v. Ajami*, 2015-Ohio-5157, 54 N.E.3d 682 (6th Dist.). RKA filed two motions for reconsideration which we denied. RKA also appealed to the Supreme Court of Ohio, which declined to hear the case. *Kerger & Hartman, L.L.C. v. Ajami*, 145 Ohio St.3d 1459, 2016-Ohio-2807, 49 N.E.3d 321. RKA filed a motion for reconsideration, which the Supreme Court of Ohio denied. *Kerger & Hartman, L.L.C. v. Ajami*, 146 Ohio St.3d 1474, 2016-Ohio-5108, 54 N.E.3d 1271.

{¶ 9} On June 13, 2016, the trial court denied appellant's first Civ.R. 60(B) motion without a hearing, finding it was based on inadmissible hearsay and lacked any operative facts. The trial court found evidence before it refuted the statements in the Civ.R. 60(B) motion, thus Mohamad's alleged statements had no effect on its decision.

{¶ 10} Appellant filed a second motion for relief from judgment pursuant to Civ.R. 60(B) on June 20, 2016, after appellant discovered a tape recording of phone conversations he had with Abood and attorney John Potts, which appellant recorded in August of 2007. Appellant contended the recording showed Abood fraudulently handled appellant's case and deceived the court. The trial court denied the second Civ.R. 60(B) motion because the phone conversations were not newly discovered evidence, and sealed the record of the motion and the transcript of the recording.

4.

**Legal Analysis**

{¶ 11} We will address appellant's first two assignments of error together. Appellant contends the trial court abused its discretion in denying his two Civ.R. 60(B) motions and refusing to hold a hearing on the motions.

{¶ 12} Abood counters appellant offered only unsupported, inadmissible allegations and no operative facts in support of his Civ.R. 60(B) motions.

**Civ.R. 60(B) Motions**

{¶ 13} "We review trial court judgments granting or denying relief from judgment under Civ.R. 60(B) on an abuse of discretion standard." *Natl. Collegiate Student Loan Trust 2003-1 v. Beverly*, 6th Dist. Huron Nos. H-13-010, H-13-011, 2014-Ohio-4346, ¶ 29. An abuse of discretion occurs when the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} Civ.R. 60(B) provides that a party may be relieved from a final judgment for the five following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based

has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 15} The Supreme Court of Ohio has held in order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic Electric, Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113, (1976), paragraph two of the syllabus.

{¶ 16} To prove a meritorious defense, a movant must provide operative facts which, if true, would constitute a meritorious defense; ultimate success on the merits need not be established. *K. Ronald Bailey & Assocs. v. Martin*, 6th Dist. Erie No. E-08-057, 2009-Ohio-2932, ¶ 15. It is not mandatory for a court to hold a hearing on a Civ.R. 60(B) motion, as the court must only have a hearing when the motion "contain[s] allegations of operative facts which could warrant relief under Civ.R. 60(B)." *Aurora Loan Servs., LLC v. Wilcox*, 2d Dist. Miami No. 2009 CA 9, 2009-Ohio-4577, ¶ 15, citing *Boster v. C & M Servs.*, 93 Ohio App.3d 523, 526, 639 N.E.2d 136 (10th Dist.1994). "Such operative facts should be supported by evidence in the form of 'affidavits, depositions, written admissions, written stipulations, answers to interrogatories, or other sworn testimony.'" *Hussein v. Hafner & Shugarman Enter., Inc.*,

6.

6th Dist. Wood No. WD-10-083, 2011-Ohio-4738, ¶ 22, quoting *East Ohio Gas Co. v. Walker*, 59 Ohio App.2d 216, 221, 394 N.E.2d 348 (8th Dist.1978).

{¶ 17} Hearsay is generally not admissible as evidence and is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C).

{¶ 18} Lastly, the doctrine of res judicata "'prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion.'" *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8, quoting *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.,* 10th Dist. Franklin No. 02AP-281, 2002-Ohio-5908, ¶ 16.

{¶ 19} In this case, with respect to appellant's first Civ.R. 60(B) motion, the first and third prongs of the *GTE Automatic* test are not at issue. Rather, the issue is whether or not appellant established the second prong and is "entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)."

{¶ 20} Appellant's first motion was based on Civ.R. 60(B)(2), (3), and (5). Appellant presented statements made by Mohamad on October 30, 2014, which were also heard by RKA's attorney, and which directly refute evidence already before the court. Appellant asserted these statements were new evidence and showed Abood engaged in fraud.

7.

**{¶ 21}** In its June 13, 2016 judgment, the trial court noted the claims that Mohamad made certain statements on October 30, 2014, were not brought to the attention of the court while Mohamad was under oath on October 31, 2014. The court found the only facts appellant offered in his motion were inadmissible hearsay statements. The court further observed even if the statements were not hearsay and were taken as true, the statements were not "newly discovered evidence" and would not affect its decision The court concluded the Civ.R. 60(B) motion did not set forth operative facts, thus a hearing on the motion was not required.

**{¶ 22}** Upon review, we find the trial court did not err in not holding a hearing on appellant's first Civ.R. 60(B) motion, as the motion did not contain allegations of operative facts which could warrant relief under Civ.R. 60(B). We further find the trial court did not abuse its discretion in denying appellant's first Civ.R. 60(B) motion since appellant did not provide the trial court with operative facts which, if true, would constitute a meritorious defense.

**{¶ 23}** Appellant's second Civ.R. 60(B) motion was premised on recorded telephone conversations between himself, Abood and Potts.

**{¶ 24}** In its June 21, 2016 judgment, the trial court found the telephone conversations were not newly discovered evidence as the phone calls happened in August of 2007. The court noted although appellant just recently discovered the recording, he was aware of the phone calls and could have raised issues regarding the conversations prior to the court's September 16, 2014 decision or in his first Civ.R. 60(B) motion. The

8.

court further noted appellant's claim that his previous attorney mishandled the case could have been raised prior to the court's September 16, 2014 decision or in his first Civ.R. 60(B) motion.

{¶ 25} Upon review, we find the trial court did not abuse its discretion in denying appellant's second Civ.R. 60(B) motion since appellant could have raised the issues related to the telephone conversations and his dissatisfaction with his previous attorney prior to the trial court's September 16, 2014 judgment or in his first Civ.R. 60(B) motion. We further find since appellant's second Civ.R. 60(B) motion was barred by the doctrine of res judicata, no hearing on the motion was required. Thus, the trial court did not err in not holding a hearing on appellant's second Civ.R. 60(B) motion.

{¶ 26} In light of the foregoing, appellant's first and second assignments of error are not well-taken.

### Sealed Motion and Transcript

{¶ 27} Appellant contends in his final assignment of error that the trial court abused its discretion by arbitrarily sealing his second Civ.R. 60(B) motion and the transcript of the recorded phone calls in violation of Ohio's Public Records Act.

{¶ 28} Abood counters appellant filed his successive motion for relief with the transcript of the phone conversations to create a public record to embarrass or defame Abood.

{¶ 29} R.C. 149.43 states "all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times

9.

during regular business hours." R.C. 149.43 also states public records are any "records kept by any public office," subject to exceptions. The Supreme Court of Ohio held "any record used by a court to render a decision is a record subject to R.C. 149.43." *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 27.

{¶ 30} Here, the second Civ.R. 60(B) motion and transcript filed by appellant were barred by res judicata. Thus, these documents were not used by the court to render a decision. Moreover, the trial court found the transcript had no significance or relevance and was sealed to prevent what should have been private phone calls from being a public record. We find the trial court did not abuse its discretion in ordering the motion and transcript sealed and stricken. Accordingly, appellant's third assignment of error is not well-taken.

### Conclusion

{¶ 31} The judgments of the Court of Common Pleas of Lucas County are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE