[Cite as *McClelland v. Catholic Charities Diocese of Toledo*, 2018-Ohio-3514.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Brian McClelland                                  Court of Appeals No. L-17-1270

      Appellant                            Trial Court No. 2016 ADV 1736

v.

Catholic Charities Diocese of Toledo      **DECISION AND JUDGMENT**

      Appellee                              Decided:  August 31, 2018

* * * * *

Lafe Tolliver, for appellant.

Paul R. Bonfiglio, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, which denied appellant's motion for relief from a judgment dismissing appellant's complaint seeking to overturn the adoption of appellant's alleged

child. For the reasons set forth below, this court affirms the judgment of the probate court.

{¶ 2} The record shows the underlying matter to this appeal concerns the adoption, with the birth mother's consent, of appellant's alleged child by persons who are not a party in this appeal. Appellee was the "adoption agency." The probate court approved the adoption by final decree on February 6, 2012, when the child was about six months old. No evidence of the child's parentage, birth and adoption proceedings are contained in the record, except for appellant's own statements in the record.

{¶ 3} On April 19, 2016, appellant filed a complaint against appellee in the Lucas County Court of Common Pleas, General Division, seeking an order rendering the February 6, 2012 adoption "null and void and against the rights of the Plaintiff" along with various monetary damages. Among the allegations in the complaint, appellant alleged appellee acted "with gross negligence, knowingly and willingly participated in an [sic] purported illegal abduction of said newborn child all to the hurt, harm and detriment of father." Appellant did not specifically allege "fraud" in his complaint. Eventually on September 6, 2016, the case was transferred to the probate court at appellant's request.

{¶ 4} On September 13, 2016, appellee filed a motion to dismiss arguing appellant's claims were barred by the one-year statute of limitations under R.C. 3107.16(B) in effect in 2012 when the adoption final decree occurred. Appellant opposed the motion on September 29, 2016, arguing that a "fraud upon the court" allegation is not subject to R.C. 3107.16(B), and the February 6, 2012 final decree of

2.

adoption was void because the probate court lacked jurisdiction. Appellee replied in support of its motion on October 7, 2016.

{¶ 5} As journalized on January 20, 2017, the probate court granted appellee's motion and dismissed the complaint finding that appellant's complaint was barred by the one-year statute of limitations set forth in R.C. 3107.16(B) in effect in 2012 and, if applicable, the four-year statute of limitations set forth in R.C. 2305.09(C) in effect in 2012. The probate court also stated in its entry, "even if the court were to consider plaintiff's complaint to be a claim for relief from the judgment entry finalizing the adoption under Civil Rule 60(B), that motion is also untimely filed." On February 21, 2017, appellant appealed that judgment, which was dismissed by this court sua sponte for appellant's failure to file a brief or a motion for an extension of time. *See McClelland v. Catholic Charities Diocese of Toledo*, 6th Dist. Lucas No. L-17-1040 (Apr. 21, 2017). On April 26, 2017, appellant filed a motion for reconsideration without tendering his brief or seeking leave to file his brief. Appellee opposed the motion, and this court denied appellant's motion for reconsideration.

{¶ 6} On August 10, 2017, appellant filed with the probate court a Civ.R. 60(B)(3) and (5) motion for relief from the January 20, 2017 judgment alleging the judgment was silent on the claims of "fraud and fraud upon the court." Appellee opposed the motion on the grounds of res judicata and lack of merit under Civ.R. 60(B)(3) and (5), and appellant replied in support of his motion. On October 3, 2017, the probate court denied

3.

appellant's Civ.R. 60(B)(3) and (5) motion. Appellant timely appealed that judgment on November 1, 2017.

{¶ 7} Appellant sets forth one assignment of error:

I. The Lucas County Probate Court committed judicial error when it wrongly denied a Rule 60 B motion to vacate it [sic] prior decision of allowing an adoption proceeding to be completed in spite of credible evidence that the presented evidence indicated a fraud upon the court insofar as the probate court was not presented with all of the evidence that would have shown that the Appellant was the rightful birth father who was entitled, above all others, to receive his child upon birth of the child.

{¶ 8} In support of his sole assignment of error, appellant argues the probate court abused its discretion when it denied his Civ.R. 60(B) motion for three reasons. First, appellant argues his August 10, 2017 motion pursuant to Civ.R. 60(B)(5) was timely filed since the "statute of limitations is not applicable to this specific and narrowly defined issue since this matter pertains to a 'fraud upon the court' and thus should be outside the ambit of the Statute of Limitations." Second, appellant argues the probate courts have inherent power "to vacate judgments on the basis of a fraud upon the court." By bringing the issue of "fraud upon the court" to the probate court's attention, appellant argues "the judge, in order to maintain the dignity, honor and majesty of the court and its integrity should have been affirmative in seeking out the underlying facts of this adoption. * * * Such curt dismissal of the birth rights of the father when the court is presented with

4.

evidence that should void an adoption proceeding is both arbitrary and unconscionable." Third, appellant argues the probate court lacked jurisdiction to authorize his child's adoption "where the natural parent has not consented to the adoption as required by O.RC. 3107.06(B)" and where "[p]arental consent to adoption is a jurisdictional prerequisite which, if absent, allows the order to be attacked as void."

**{¶ 9}** In response appellee argues the probate court did not abuse its discretion when it denied appellant's Civ.R. 60(B) motion for relief from judgment on the basis of res judicata and failure to meet his burdens under Civ.R. 60(B)(3) and (5).

**{¶ 10}** "We review a trial court judgment denying a motion for relief from judgment under an abuse of discretion standard." *Moore v. Moore*, 6th Dist. Erie No. E-17-011, 2018-Ohio-1545, ¶ 21, citing *Kerger & Hartman, LLC v. Ajami*, 6th Dist. Lucas No. L-16-1135, 2017-Ohio-7352, ¶ 13. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 11}** A movant seeking relief from a court's final judgment or order must timely identify to the court one of the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly
>
> discovered evidence which by due diligence could not have been
>
> discovered in time to move for a new trial under Rule 59(B); (3) fraud
>
> (whether heretofore denominated intrinsic or extrinsic), misrepresentation

5.

or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Civ.R. 60(B). "A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." *Id.*

{¶ 12} A movant "is entitled to relief from judgment under Civ.R. 60(B)(5) * * * only if he can demonstrate any other reason not listed in Civ.R. 60(B)(1)-(4) that justifies relief being granted. Ohio courts have routinely said that Civ.R. 60(B)(5) is not to be used as a substitute for any other more specific provisions of Civ.R. 60(B)(1)-(4)." *F.H. v. K.M.*, 6th Dist. Lucas No. L-16-1275, 2017-Ohio-5681, ¶ 4, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983).

{¶ 13} To prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*,

6.

47 Ohio St.2d 146, 148, 351 N.E.2d 113 (1976), paragraph two of the syllabus. These required elements "are independent and in the conjunctive, not the disjunctive." *Id.* at 151. Therefore, if appellant does not prevail on the first element, deciding whether appellant met his burden for the second and third elements of a Civ.R. 60(B) motion becomes moot.

{¶ 14} The first element of a Civ.R. 60(B) motion requires appellant to "'provide operative facts which, if true, would constitute a meritorious defense; ultimate success on the merits need not be established.'" *Moore*, 6th Dist. Erie No. E-17-011, 2018-Ohio-1545, at ¶ 22, quoting *Kerger*, 6th Dist. Lucas No. L-16-1135, 2017-Ohio-7352, at ¶ 16. "Operative facts are those underlying facts that relate to and support, and tend to show the existence of merit for, appellant's claims against appellee." *Walker v. Metro. Environmental Servs.*, 6th Dist. Lucas No. L-17-1131, 2018-Ohio-530, ¶ 18.

{¶ 15} Appellant's meritorious defense are his allegations of "fraud" and "fraud upon the court." The elements of the tort of fraud are:

(a) a representation or, where there is a duty to disclose, concealment of a fact,

(b) which is material to the transaction at hand,

(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

7.

(d) with the intent of misleading another into relying upon it,

(e) justifiable reliance upon the representation or concealment, and

(f) a resulting injury proximately caused by the reliance.

*Burr v. Bd. of Cty. Commrs.*, 23 Ohio St.3d 69, 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus. A "fraud upon the court" requires a showing that an officer of the court actively participates in defrauding the court. *Scholler v. Scholler*, 10 Ohio St.3d 98, 106, 462 N.E.2d 158 (1984), citing *Coulson v. Coulson*, 5 Ohio St.3d 12, 15, 448 N.E.2d 809 (1983). Appellant has the burden to demonstrate operative facts for the allegations of "fraud" and "fraud upon the court."

{¶ 16} The operative facts alleged by appellant to support this meritorious defense are: (1) he claims to be the "natural parent" where the "birth mother purportedly never denied the Appellant being the father of their child," (2) he was "physically present in the birthing room and thereafter for the purposes of claiming his child to raise as its father," (3) the child was named "after the father's name and the middle name of the birth mother's brother," (4) he "signed off on the birth certificate," (5) he "feel[s] that my son was kidnapped from me by [appellee] and I was deprived of my rights as a father to raise my son even if the birth mother did not want my son to remain with her," (6) "per O.R.C. 3705.09, the birth father is the 'other' party and in the instant case, the Appellant was more than just the 'putative' father, but rather he was the father that should have had first rights to claim his newly born child" (emphasis sic.), and (7) appellee's adoption papers "duped" the probate court because the papers "did not mention or refer to the birth

8.

father's presence and the lack of any documentation that would indicate proper notice to the birth father of the pending adoption, upon birth of the child." In summary, appellant's meritorious defense is his claim he was entitled to withhold consent to the child's adoption, which consent was fraudulently not sought by the appellee or the probate court through an evidentiary hearing on his claims of "fraud" and "fraud upon the court," and his lack of consent rendered void the probate court's adoption decree.

{¶ 17} When the probate court denied appellant's Civ.R. 60(B) motion on October 3, 2017, the judgment entry states, in part:

> In his pleadings plaintiff argues that the Order of the Court issued January 20, 2017 did not give proper weight, deliberation and legal justification to the issues of fraud and fraud upon the court. Plaintiff further contends that the decision of the court was arbitrary, unreasonable, capricious and not supported by the weight of the evidence. Plaintiff requests that the court order a hearing with testimony adduced in order to determine the rights of the plaintiff. Defendant Catholic Charities contends that plaintiff's motion should be denied on the principles of res judicata as the precise legal issues plaintiff is challenging in his motion have already been raised and decided in this same action. This motion, according to the Defendant, is nothing more than an effort to get a different result. If the court would choose to entertain the motion Defendant argues that plaintiff's

9.

claim remains precluded under law, remains without merit, and should still be denied.

It should first be noted that it is reflected in the Judgment Entry filed January 20, 2017 that the court met with counsel on November 29, 2016 and by agreement of the attorneys, the matter was submitted without argument based upon the pleadings. (Emphasis sic.) Further, said entry clearly addresses the objection to the adoption based on fraud and specifically found it not to be timely filed. The court further specifically considered the argument related to a "fraud upon the court" which was raised by Attorney Tolliver's Motion in Opposition to Dismissal of Case and the reply memorandum filed by Attorney Bonfiglio.

Contrary to appellant's assertions, we find no evidence in the record the probate court failed to consider all of the arguments presented by appellant in support of his allegations of "fraud" and "fraud upon the court."

{¶ 18} R.C. 3107.06 is the consent statute for adoption of a minor and states:

Unless consent is not required under section 3107.07 of the Revised Code, a petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following:

(A) The mother of the minor;

(B) The father of the minor, if any of the following apply:

(1) The minor was conceived or born while the father was married to the mother;

(2) The minor is his child by adoption;

(3) Prior to the date the petition was filed, it was determined by a court proceeding pursuant to sections 3111.01 to 3111.18 of the Revised Code, a court proceeding in another state, an administrative proceeding pursuant to sections 3111.38 to 3111.54 of the Revised Code, or an administrative proceeding in another state that he has a parent and child relationship with the minor;

(4) He acknowledged paternity of the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code.

(C) The putative father of the minor;

(D) Any person or agency having permanent custody of the minor or authorized by court order to consent;

(E) The minor, if more than twelve years of age, unless the court, finding that it is in the best interest of the minor, determines that the minor's consent is not required.

{¶ 19} Based upon the record before us, we do not find evidence of appellant's compliance with R.C. 3107.06(B) other than his own declarations to be the child's "natural parent." Appellant does not allege he was married to the birth mother at any

time pursuant to R.C. 3107.06(B)(1). Appellant does not allege he adopted the child pursuant to R.C. 3107.06(B)(2). Appellant does not allege any court or administrative proceedings determining his parent relationship to the child prior to the adoption petition filing pursuant to R.C. 3107.06(B)(3). Appellant does not allege he acknowledged paternity of the child for purposes of child support pursuant to R.C. 3107.06(B)(4). Appellant's self-declarations as the birth father are insufficient under the four options under R.C. 3107.06(B). The record also does not reflect appellant's compliance with R.C. 3107.06(A), (D) or (E).

{¶ 20} Therefore, we are left with the possibility appellant is the "putative father" of the adopted child pursuant to R.C. 3107.06(C). According to R.C. 3107.01(H), a "putative father" means:

a man * * * who may be a child's father and to whom all of the following apply:

(1) He is not married to the child's mother at the time of the child's conception or birth;

(2) He has not adopted the child;

(3) He has not been determined, prior to the date a petition to adopt the child is filed, to have a parent and child relationship with the child by a court proceeding pursuant to sections 3111.01 to 3111.18 of the Revised Code, a court proceeding in another state, an administrative agency

proceeding pursuant to sections 3111.38 to 3111.54 of the Revised Code, or an administrative agency proceeding in another state;

(4) He has not acknowledged paternity of the child pursuant to sections 3111.21 to 3111.35 of the Revised Code.

{¶ 21} Even if we construe the record most favorably to appellant and presume he is the "putative father" for purposes of this appeal, by the plain language of R.C. 3107.06 we must first determine the applicability of R.C. 3107.07, the statute for adoption of a minor where consent is not required. Relevant to this appeal is R.C. 3107.07(B) in effect in 2012, which states:

Consent to adoption is not required of any of the following: * * *

(B) The putative father of a minor if either of the following applies:

(1) The putative father fails to register as the minor's putative father with the putative father registry established under section 3107.062 of the Revised Code not later than thirty days after the minor's birth;

(2) The court finds, after proper service of notice and hearing, that any of the following are the case:

(a) The putative father is not the father of the minor;

(b) The putative father has willfully abandoned or failed to care for and support the minor;

(c) The putative father has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the

minor, or the minor's placement in the home of the petitioner, whichever occurs first.

The record before us is devoid of evidence of appellant's rebuttal to R.C. 3107.01(B)(1) or (2), either of which is sufficient to determine appellant's consent to the adoption was not required. For example, the record does not contain operative facts to lead us to conclude appellant registered or sought to register as the child's "putative father" within 30 days of the child's birth pursuant to R.C. 3107.062 in effect in 2011. Therefore, appellant's consent to the child's adoption was not required pursuant to R.C. 3107.07(B)(1). Further, appellant was not entitled to receive notice of the hearing for a petition to adopt the child. R.C. 3107.11(A)(3).

{¶ 22} Appellant's reliance as the "other" party pursuant to R.C. 3705.09, regarding the filing of birth records, is misplaced. Rather, appellant's allegation he is the child's birth father because he "signed off" on the child's birth certificate leads us to review R.C. 3111.03, the statute addressing a man's presumption of paternity, to determine if the record contains operative facts appellant is entitled to that presumption. Appellant does not allege he was married to the birth mother at any time pursuant to R.C. 3111.03(A)(1) and (2). Nor does appellant allege he acknowledged paternity of the child for purposes of child support pursuant to R.C. 3111.03(A)(3). Because appellant is not entitled to presumption of paternity pursuant to R.C. 3111.03(A), we do not need to consider the statutory rebuttals to that presumption. R.C. 3111.03(B).

14.

**{¶ 23}** We find that based on the record appellant fails to meet his burden for the first element of a Civ.R. 60(B) motion. Therefore, we find the probate court did not abuse its discretion when it denied appellant's Civ.R. 60(B)(3) and (5) motion.

**{¶ 24}** Appellant's sole assignment of error is not well-taken.

**{¶ 25}** The judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                                     JUDGE
Thomas J. Osowik, J.

James D. Jensen, J.        _____
CONCUR.                                                  JUDGE

_____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.